UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN FRANCIS ARPINO,<br><br>                             Plaintiff,<br>    v.<br>BRIAN SANDOVAL, et al.,<br><br>                            Defendants. | Case No. 3:14-cv-00481-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") recommending this Court grant Plaintiff John Francis Arpino's application to proceed *in forma pauperis* and dismiss this action with prejudice for failure to state a claim. (Dkt. no. 5) Plaintiff filed a timely objection. (Dkt. no. 6.) Plaintiff also filed a Motion for Court to Order U.S. Marshals to Serve Parties Without Cost (dkt. no. 4), Motion to Change Venue (dkt. no. 8), Motion to Recuse the Presiding Judge (dkt. no. 9), Motion for Judge to order Clerk to provide Plaintiff with copies of pleadings (dkt. no. 10) and an Emergency Motion for Preliminary Injunction (dkt. no. 13).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). This Court conducts a *de novo* review of the R&R.

The R&R screens the Complaint and recommends dismissal. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Fed. R. Civ. P. 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the

2

assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff is *pro se* and presently incarcerated. The Complaint alleges that Defendant Washoe County District Attorney Richard A. Gammick failed to post a required "surety bond" and therefore holds an invalid office pursuant to NRS 282.010, 282.200, 252.030 and 252.020. (Dkt. no. 1-1 at 6.) The Complaint asserts, therefore, that the offices of Gammick's deputies, including Defendant Washoe County Deputy District Attorney Nathan Edwards, are similarly invalid. Plaintiff's prosecution was undertaken by Edwards and the Complaint states, consequently, that Plaintiff's sentencing and resulting incarceration violated Plaintiff's rights under the Constitution. (*Id.* at 6, 8–9.) The Complaint further alleges that Defendants Gammick and Deputy District Attorney Herbert Kaplan violated Plaintiff's rights by not responding to Plaintiff's requests for Defendants to produce the "surety bonds" in connection with a proceeding initiated by Plaintiff in state court. (*Id.* at 7.) Lastly, the Complaint asserts the remaining Defendants, including Nevada Governor Brian Sandoval, Nevada Attorney General Catherine Masto, and Nevada Secretary of State Ross Miller, were all aware of the

1  "invalid Washoe County District Attorney's office" but allowed it to continue to operate
2  and undertake prosecutions. (*Id.* at 8-9.) The Complaint states its claims pursuant to 42
3  U.S.C. §§ 1983, 1985 and 1986.[1]

4  As the Court understands the Complaint, the fundamental basis of Plaintiff's claims is that Gammick and his deputies are without the authority to carry out the duties of the District Attorney's office because Gammick allegedly failed to post an official bond. The Court fails to find any legal or factual support for this contention.

8  With regard to the asserted legal basis for Plaintiff's claims, the Complaint cites to NRS 252.030, which states that "[u]nless a blanket fidelity bond is furnished by the county, before entering upon the duties of his or her office, the district attorney shall execute and file with the county clerk a bond to the county, conditioned for the faithful performance of his or her duties, the penalty of the bond to be fixed by the board of county commissioners." While this provision makes the filing of a bond by the district attorney mandatory in the event that a blanket fidelity bond is not already furnished by the county, the consequence of failing to file such a bond is not clear. NRS 252.030 alone does not support Plaintiff's civil rights claims, which are premised on an understanding that failure to file such a bond strips the district attorney's office of its authority and results in a constitutional deprivation of rights for all those prosecuted.

19  The other provisions cited in the Complaint provide little support. NRS 282.010 generally states that officers, such as the district attorney, "shall, before entering upon the duties of their respective offices, provide the official bond required by law" and NRS 252.020 merely states that district attorneys are elected every four (4) years. NRS 282.200 states that "[i]f any officer or person fails within 10 days from the date of a

---

[1] Plaintiff also asks this Court to treat the Complaint "with the likeness of a 28 U.S.C. § 2241" petition. (Dkt. no. 1-1 at 13.) Under Local Rule LSR 3-1, a petition for a writ of habeas corpus filed *pro se* must be on the Court's required form. The required form for a § 2241 petition is an AO 242 form. To the extent Plaintiff wishes to file a habeas petition, he may do so in a new action. The Court will direct the Clerk to send Plaintiff the required form.

personal service, or within 30 days from the date of the first insertion of a publication or posted service, to file a new or additional bond or undertaking, the office or appointment of the person or officer so failing shall become vacant, and such officer or person shall forfeit such office or appointment." However, this provision only applies when a surety serves or publishes a statement indicating a desire to be released from liability under an official bond. NRS 282.190. There is no such allegation in this case.

Even if the Court were to accept that there is a valid legal basis for Plaintiff's claims, the Complaint fails to articulate supporting facts. The Complaint makes the conclusory assertion that Gammick has "not validated and perfected his office" because he failed to "post his required 'surety bond.'" (Dkt. no. 1-1 at 6.) The Complaint asserts that the remaining Defendants have conspired to block Plaintiff's access to the courts and conspired to hide the fact that Gammick's office is "invalid" so that Gammick and his deputies can continue to carry out prosecutions and violate people's constitutional rights. (Dkt. no. 1-1 at 7–9.) This speculation is unsupported by factual allegations.

In Plaintiff's objections to the R&R, he submits documentary evidence to support his claims, but these documents fail to lend any substance to the Complaint's conclusory assertions. Plaintiff attaches a letter he wrote to someone in the "Bonds dept." of "the Hartford Companies." (Dkt. no. 6 at 2.) In this letter, Plaintiff offers two copies of "surety bonds" he claims to have received "as forwarded by two separate governmental dep[artments] within the State of Nevada." (Dkt. no. 6, Exh. 1002.) One of the copies appears to be for an official bond with Kathleen Marshall, State Treasurer, as Principal, and Hartford Fire Insurance Company as Surety, signed and dated in December 2006. (Dkt. no. 6, Exh. 1003.) The other copy is for an official bond with Gammick as Principal and Hartford Fire Insurance Company as Surety, signed and dated in October 2006. (Dkt. no. 6, Exh. 1004.)

In the letter, Plaintiff states that he suspects these copies are counterfeit due to his understanding that they contain "discrepancies" such as wrong zip codes, phone numbers, "questionable" notary publics, nonexistent P.O. boxes and altered signatures.

(*See* dkt. no. 6, Exh. 1002.) These suspicions are unsupported by factual allegations and their legal significance is often unclear. The Court fails to see the legal basis for holding Defendants liable for violations of Plaintiff's rights under the Constitution because the phone numbers or zip codes on the official bonds are inaccurate. These so-called "discrepancies," even taken as true, do not support the conclusion that official bonds relevant to Plaintiff's claims were counterfeit as Plaintiff believes them to be and, as previously stated, that such a counterfeit would operate to strip Gammick's office of its authority and render its prosecutions void. Further, it is not at all clear why these submitted copies are relevant to the claims at hand. The Court is left to guess as to whether they cover a relevant timeframe and how they were obtained by Plaintiff.

Plaintiff asserts in his objections that NRS 282.120 requires that "[u]nless otherwise expressly provided, there shall be at least two sureties upon the official bond of every officer" but that the submitted copies reveal only one surety each. (Dkt. no. 6 at 3.) This claim is not asserted in the Complaint and, without a factual basis as to what these copies are and how they were obtained, the Court also fails to see the support for this claim. Further, the Court again fails to see why having one surety instead of two "invalidates" Gammick's office and violates Plaintiff's rights under the Constitution. In fact, NRS 282.070 plainly states that "[w]henever any official bond shall not contain the substantial matter, or condition or conditions, required by law, or there shall be any defect in the approval or filing thereof, such bond shall not be void so as to discharge such officer and the officer's sureties . . . ." The bond thus appears to operate regardless of minor deficiencies.

Lastly, Plaintiff directs the Court to the signature dates in the copies and suggests these dates indicate that Marshall and Gammick failed to renew these bonds on the first of January as required by a 1937 Nevada senate bill. (Dkt. no. 6 at 4.) A copy of the relevant legislation provided by Plaintiff states that a financial statement of an applicant shall be filed by officials when an application for surety is made and it shall be renewed "on or before the first day of January of each year." (*See* dkt. no. 6, Exh. 1005.) There is

6

1 no allegation in this case that such a financial statement was not filed, and the copies of
2 official bonds submitted to the Court are not themselves financial statements, so the
3 relevance of this piece of legislation is unclear.

4 The Court has considered the allegations in the Complaint and the documentary
5 evidence submitted in Plaintiff's objection and determines that Plaintiff has presented a
6 mix of baseless speculation and legal authority regarding official bonds that is without
7 significance. The Court fails to see how Plaintiff's filings could possibly support a civil
8 rights claim. It therefore agrees with the R&R's conclusion that this matter should be
9 dismissed with prejudice.

10 Plaintiff argues that Judge Cobb did not have the authority to enter an R&R in this
11 case because he was never authorized to do so by Plaintiff. (Dkt. no. 6 at 5.) This Court
12 may designate pretrial matters to a magistrate judge pursuant to 28 U.S.C. §
13 636(b)(1)(A) and LR 1-3. Magistrate judges may enter an R&R where a pretrial matter is
14 dispositive of Plaintiff's claims, as it is in this case, pursuant to 28 U.S.C. § 636(b)(1)(B)
15 and LR1-4.

16 Plaintiff also states that this Court should be held liable for "slander" as a result of
17 Judge Cobb's findings in the R&R. (Dkt. no. 6 at 6.) That is a separate matter outside of
18 the scope of this litigation.

19 It is therefore ordered that the R&R (dkt. no. 5) is accepted and adopted in full.
20 This action is dismissed with prejudice.

21 It is further ordered that Plaintiff's Motion for Court to Order U.S. Marshals to
22 Serve Parties Without Cost (dkt. no. 4), Motion to Change Venue (dkt. no. 8), Motion to
23 Recuse the Presiding Judge (dkt. no. 9), Motion for Judge to order Clerk to provide
24 Plaintiff with copies of pleadings (dkt. no. 10) and an Emergency Motion for Preliminary
25 Injunction (dkt. no. 13) are denied as moot.

26 ///
27 ///
28 ///

The Clerk is directed to close this case. The Clerk is also directed to send Plaintiff two (2) copies of an AO 242 form (which includes instructions).

DATED THIS 22nd day of December 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE